IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JASAAN ALLAH QIYDAAR | * | |
| v. | * | Civil No. ELH-17-1622 |
| PEOPLE ENCOURAGING PEOPLE, INC. | * | |

******

# MEMORANDUM

Plaintiff Jasaan Allah Qiydaar, who is self represented, instituted suit against defendant People Encouraging People, Inc. ("PEP"), seeking both damages and injunctive relief for unlawful suspension, transfer, and discharge, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. ("Title VII").  ECF 1.[1]  By Memorandum Opinion (ECF 22) and Order (ECF 23) of July 17, 2018, I granted PEP's motion for summary judgment as to the Title VII discrimination claim but denied summary judgment as to plaintiff's retaliation claim.

Now pending is "Plaintiff's Motion *In Limine* To Include Certain Evidence As Lawfully Admitted."  ECF 41.  It is supported by a Memorandum (ECF 41-1) (collectively, the "Motion") and five exhibits.  PEP opposes the motion (ECF 42) and has also submitted exhibits.  Plaintiff has replied.  ECF 43.

No hearing is necessary to resolve the Motion.  Local Rule 105.6.  For the reasons that follow, I shall deny the Motion.

---

[1] This case was originally assigned to Judge J. Frederick Motz.  It was reassigned to me on April 30, 2018.  *See* Docket.

## I.   Factual and Procedural Summary[2]

### A.  Background

Qiydaar is an African-American resident of Baltimore who was employed by PEP from May 2015 to May 2016. ECF 16-1, ¶¶ 1-2; ECF 16-31. PEP is a privately owned non-profit behavioral healthcare corporation based in Baltimore, which provides rehabilitation and support services to disadvantaged and disabled individuals at various locations throughout Maryland. ECF 14-1, ¶ 3.

Relations between Qiydaar and PEP began to sour in December 2015, after the parties discussed the possibility of Qiydaar receiving a promotion, for which he was ultimately passed over. ECF 14-1, ¶ 5; ECF 16-1, ¶¶ 5, 6. Qiydaar alleges that PEP offered him the promotion but then rescinded that offer. ECF 16-1, ¶¶ 5, 6. Instead, the position was offered to another African-American male employee. ECF 14-1, ¶ 5. Qiydaar claims that in the months following that decision there was increasing racial tension at PEP (ECF 16-1, ¶¶ 9-10), including at a staff meeting held on March 16, 2016. ECF 14-1, ¶ 7; ECF 16-1, ¶ 11.

Plaintiff was discharged from employment in May 2016. ECF 16-31. Suit followed on June 14, 2017. ECF 1.

The case was initially assigned to Judge J. Frederick Motz. He issued a Scheduling Order on September 19, 2017 (ECF 9), setting a discovery deadline of November 20, 2017. *Id.* at 1. Of relevance here, the Scheduling Order said, *id.*: "All depositions and other discovery shall be completed by <u>November 20, 2017</u>. Interrogatories … and requests for production of

---

[2] A detailed factual summary is not necessary to resolve the Motion. I incorporate here the Factual Summary set forth in my Memorandum Opinion of July 17, 2018. *See* ECF 22 at 1-9.

documents must be served on the opposing party sufficiently early to insure that they are answered prior to this discovery deadline.[]"

On October 21, 2017, plaintiff served 54 Requests for Admission of Facts.  ECF 41-6. He believed the responses were due on November 20, 2017.  ECF 41-5.

But, defendant lodged objections on November 21, 2017 (ECF 42-1), claiming that the submission was untimely.  According to PEP, it had 33 days in which to respond, *i.e.*, until November 23, 2017, under Fed. R. Civ. P. 6(d), because the document was mailed.  Further, PEP claimed that the number of requests violated Local Rule 104.1. *Id.*

It appears that the document was sent both by mail and electronically.  *See* ECF 41-1 at 2; ECF 41-9.  However, even if defendant was incorrect in its claims, plaintiff took no action to pursue his rights.  Instead, on November 11, 2017, plaintiff served a second set of Requests for Admission.  ECF 42-3.  And, he submitted interrogatories on November 18, 2017.  *See* ECF 42 at 2.[3]  PEP objected to both submissions.  ECF 42-4; ECF 42-5.  According to defendant, plaintiff propounded more than 270 additional "discrete requests" for admission.  In addition, PEP maintained that both submissions were untimely.

Pursuant to the Scheduling Order, plaintiff filed a status report with Judge Motz on November 21, 2017.  ECF 11.  He stated, in part: "Plaintiff has not received any responses to his Discovery requests…." *Id.* at 1.  Defendant also filed a status report.  ECF 10.  According to PEP, "discovery [was] completed." *Id.*  However, PEP informed the Court that plaintiff had "submitted certain discovery documents, that were untimely…." *Id.*  Then, by letter of December 4, 2017 (ECF 12), plaintiff complained to Judge Motz about defense counsel in regard to the discovery process. *Id.* at 1.

---

[3] The parties did not provide the Court with a copy of this document.

3

Plaintiff wrote another letter to Judge Motz on December 8, 2017.  ECF 13.  But, he did not seek relief under the Federal Rules of Civil Procedure, nor did he seek an extension of the discovery period.

In accordance with the date specified in the Scheduling Order, PEP moved for summary judgment on December 19, 2017.  ECF 14.  Two exhibits were included.  Plaintiff opposed the motion and submitted 32 exhibits.  ECF 16; ECF 16-1 to ECF 16-32.  Defendant replied.  ECF 17.

On April 30, 2018, while the summary judgment motion was pending, the case was reassigned to me.  *See* Docket.  Thereafter, I requested further briefing of a particular issue.  ECF 19.  The responses are at ECF 20 (PEP) and ECF 21 (plaintiff).  As noted, I issued a Memorandum Opinion and Order of July 17, 2018, granting PEP's motion in part and denying it in part.

In a letter to the parties of August 24, 2018 (ECF 24), I asked, *inter alia*, whether the parties wanted to participate in a settlement conference with a magistrate judge.  And, I asked them to advise me as to "[a]ny other matter which you believe should be brought to the Court's attention."  *Id.*  Both sides responded.  ECF 25 (PEP); ECF 27 (plaintiff).

Of relevance here, in plaintiff's response of September 17, 2018 (ECF 27), he never mentioned a discovery dispute.  To the contrary, plaintiff stated, in part:  "Plaintiff does not believe that there is any other relevant information that should be brought to the Court's attention at this time."  *Id.*

With the parties' consent, the Court referred the matter for a settlement conference.  ECF 26.  And, pro bono counsel was appointed for plaintiff.  ECF 29.  However, the case did not settle.

On November 28, 2018, plaintiff requested a stay of the case, in order to obtain a lawyer for the trial. ECF 34. However, no lawyer entered an appearance for plaintiff. Therefore, by Order of April 30, 2019, I set a schedule to govern pretrial matters. Among other dates, I set a deadline of January 27, 2020, for motions in limine. And, I set a jury trial date of May 4, 2020. *Id.* ECF 40. Unfortunately, due to the COVID-19 pandemic, the Court was unable to conduct the trial on May 4, 2020.

## II.     Motion in Limine

In his Motion, plaintiff complains that PEP "deliberately refused to participate scrupulously in the discovery process" with plaintiff. ECF 41-1 at 1. He contends that he "fully complied" with the time requirements of Fed. R. Civ. P. 36(a). *Id.* at 2. And, he notes that, under Fed. R. Civ. P. 37(f), "this situation was ripe" for a motion to compel. *Id.* Therefore, he "proactively contacted the Court for guidance." *Id.*

Moreover, plaintiff asserts that he propounded his discovery both electronically and via U.S. mail. *Id.* And, he states that "PEP should have made every possible effort to answer Plaintiff's requests…." *Id.* Instead, PEP "ignored" the discovery requests. *Id.* Plaintiff indicates that, if defense counsel had bothered to communicate with him regarding the number of requests he had propounded, he would have agreed to responses for the first 30 requests. *Id.* at 3. In his view, the failure of defense counsel to communicate reflects a lack of "good faith." *Id.*

Accordingly, plaintiff seeks entry of an Order under Fed. R. Civ. P. 37(c)(1), barring defendant from presenting any evidence relating to plaintiff's requested discovery. *Id.* at 1. The motion in limine is, in effect, a belated motion for a discovery sanction.

## III.     Discussion

"A motion *in limine* is a request for guidance by the court regarding an evidentiary

question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). Fed. R. Evid. 104(a) allows courts to "decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."

Motions in limine help to streamline a case, because such motions "enable[] a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" *INSLAW, Inc. v. United States,* 35 Fed. Cl. 63, 65-66 (1996) (citation omitted). To be sure, rulings on such motions assist the parties in preparation for trial. However, such rulings are preliminary, and are made in the discretion of the court. *Luce*, 713 F.2d at 1239-40. When the evidence is actually offered at trial, the trial court may opt to change its ruling. *Id.* at 1239.

I shall assume, *arguendo*, that plaintiff's discovery was timely filed in October 2017. Plaintiff learned soon after that defendant challenged the discovery. Yet, plaintiff did not move to compel responses under Rule 37. Indeed, more than two years elapsed before plaintiff filed the Motion.

To be sure, the Court is mindful of plaintiff's pro se status. But, a self-represented litigant is not excused from following the Federal Rules of Civil Procedure or the Local Rules. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting a *pro se* litigant must follow the same rules of procedure that govern other litigants); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam) (same). Notably, "even pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" *Dancy v. Univ. of N. Carolina at Charlotte*, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting *Ballard v.*

6

*Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)); *see Plaisir v. United States*, No. 3:16cv131, 2016 WL 11247641, at *1 (N.D W.Va. Oct. 24, 2016) ("*Pro se* litigants must follow rules of procedure, including local rules."); *Nesbitt v. Riley*, No. 0:14–2788–RMG–PJG, 2015 WL 1517505, at *3 (D.S.C. Apr. 1, 2015) ("Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*."); *Cox v. Deal*, C/A No. 2:09–02715–DCN–BM, 2011 WL 3418397, at *2 (D.S.C. Aug. 3, 2011) ("Even pro se litigants, however, must follow the procedural rules of the court.").

Local Rule 104.8(a) generally requires the filing of a motion to compel within 30 days of the response. That said, failure to comply with Local Rule 104.8 does not necessarily require dismissal of a party's motion to compel. *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 497 (D. Md. 2000) ("[A]n absolute rule requiring [dismissal] without first determining whether the opposing party would suffer any real prejudice if the motion is granted would be too harsh a construction of the local rule." (citing Fed. R. Civ. P. 1)). If the non-moving party will not suffer any undue prejudice as a result of the moving party's failure to comply with Local Rule 104.8, and there is good cause to excuse the failure to comply, then the moving party's motion will not be dismissed because of the procedural defect. *See Blind Indus. & Servs. v. Route 40 Paintball Park*, 2012 WL 4470273, at *1–2 (D. Md. Sept. 26, 2012) (finding motion was not timely filed, and the tardiness was fatal, because it was unjustified).[4]

I recognize that Judge Motz's Scheduling Order provided for only a very brief period of discovery. And, no request was made to extend it. But, I also recognize that the parties have an

---

[4] It appears that Local Rule 104.8 applies, as counsel responded, if only to object. *See* L.R. 104.8 ("This procedure shall not govern motions to compel . . . answers to interrogatories or to requests for production . . . where no responses at all have been served).

7

affirmative duty to cooperate, and it is not clear that the level of cooperation here was adequate. *See Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 357-58 (D. Md. 2008) (recognizing that "the spirit" of the discovery rules requires cooperation "to identify and fulfill legitimate discovery needs, yet avoid seeking discovery the cost and burden of which is disproportionally large to what is at stake in the litigation. Counsel cannot 'behave responsively' during discovery unless they do both, which requires cooperation rather than contrariety, communication rather than confrontation"); Discovery Guideline 1.a ("The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the discovery to ensure that it meets these objectives. Counsel have a duty to confer early and throughout the case as needed to ensure that discovery is planned and conducted consistent with these requirements and, where necessary, make adjustments and modifications in discovery as needed.").

But, discovery in this case has long been closed. And, the deadlines set forth in scheduling orders must be taken seriously. *See Pennington Partners, LLC v. Midwest Steel Holding Co.*, 271 F.R.D. 462, 464 (D. Md. 2010) (quoting *Hare v. Opryland Hospitality, LLC*, DKC-09-599, 2010 WL 3719915, at *3 (D. Md. 2010) ("[A] court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel [or a party] without peril.")).

Therefore, I cannot justify the relief sought in the Motion. An Order follows.

Date:   July 27, 2020                              /s/
                                            Ellen L. Hollander
                                            United States District Judge